KEHOE, JAMES W., Associate Judge.
This appeal seeks review of a final decree as amended, rendered in an action which sought a declaratory decree, injunc-tive relief, accounting, etc. Suit was instituted by the appellee, Ira Eason, against the appellee, Aluminum Roll-Away Corp.,[1] and against the appellant, Pan American Window Corp. The suit arose out of an “exclusive royalty agreement” which had been made between Eason and Aluminum Roll-Away Corp., and which agreement, by its terms, gave an exclusive right to Aluminum, its “successors and assigns”, to manufacture and distribute certain aluminum furniture which had been designed by Eason and upon which a patent application was pending, in consideration for which Eason was to be paid a stipulated sum as minimum guaranty against the royalties which were to be paid on a unit basis of manufacture. By his suit, Eason sought an accounting as to monies due, an injunction to restrain the defendant, Pan American Window Corp., from manufacturing the aluminum furniture in question, a termination of the agreement and certain other relief. To this complaint, Pan American filed an answer admitting that it was manufacturing the items, but contended it was doing so under a valid sub-contract.
By the terms of the final decree as amended, the chancellor rendered an ac *320 counting to Eason, declared the contract in full force and effect, and recognized the appellant, Pan American Window Corp., as a licensee under the agreement and required it to account to Eason for the royalties due on each unit as manufactured by Pan American. Pan American has appealed from this decree, and has preserved two points upon which it contended the chancellor erred, to wit:
“POINT I: That the complaint failed to state a cause of action against the defendant, Pan American Window Corp., a Florida corporation.
“POINT II: That in absence of a contractual obligation between parties no liability can be imposed upon one not a party thereto.”
As to the question of stating a cause of action, the complaint contained, in part, the following allegations in regard to Pan American:
******
“ * * * Plaintiff was informed that the Defendant, Aluminum Roll-Away Corp., had become affiliated with the Defendant, Pan American Window Corp., whereby the Defendant, Pan American Window Corp., would manufacture and distribute the above mentioned Val-a-Bed and Compact-Table; that the Defendant, Pan American Window Corp., knew of the existence of the abovementioned agreement. ******
“ * * * That the Defendant, Aluminum Roll-Away Corp. has failed and refused to pay the monies due Plaintiff as requested and refused to discontinue the manufacture and production of Val-a-Bed and Compact-Table by and through the Defendant, Pan American Window Corp., * * *” ******
The agreement was attached to the complaint and showed upon its face that it was an exclusive royalty agreement for the manufacture of the particular items. The complaint having alleged that Pan American “knew of the existence of the * * * agreement” and that it was manufacturing and distributing the items, this was sufficient to state a cause of action either upon the theory of interference with an exclusive royalty agreement or on the theory of being a successive assignee of the right to manufacture with knowledge of a prior assignee’s obligation to pay royalty for each unit manufactured.[2]
As to the second point, the appellant urges that the chancellor erred in decreeing that Pan American would be required to pay the royalty on each unit manufactured, because its sub-contract to manufacture was in fact made with a company known as Caschome Company, Inc., who was not a party to the instant litigation. However, a reading of the exclusive royalty agreement discloses that Caschome was identified as an affiliate of Aluminum Roll-Away Corp., and the evidence was sufficient to establish that there was a direct connection from Aluminum to Caschome to Pan American. Although Caschome might have been a proper party to the litigation, it was not a necessary party as the complaint charged [and the proof was sufficient to establish that the appellant was manufacturing the items referred to in the exclusive royalty agreement with knowledge of same] and no error has been made to appear in the chancellor’s requiring Pan American to account to the appellee, Eason, for the royalty on each unit as manufactured.[3]
Not only is this decree supportable under the evidence, but it is completely justified under equitable. principles in light of the *321 fact that the chancellor held that the agreement was in full force and effect and that not only did Pan American have the right to manufacture the units hut that Eason was prevented from either manufacturing or giving anyone else the right to manufacture and distribute the items.
Therefore, having considered the two points preserved for review and finding no error in the chancellor’s actions, the final decree as amended is hereby affirmed.
Affirmed.

. Under the Florida Appellate Rules, Aluminum Roll-Away Corp. became an ap-pellee although they have not favored us with a brief and have not been represented in this court.

. Compare Rhodes v. Ashurst, 176 Ill. 351, 52 N.E. 118.

. See: 40 Am.Jur., Patents, § 170, which, states the damage principles applicable for infringement of patents, which measure of damages would appear appropriate in the instant cause.